Filed 9/19/14  Troy P. v. Superior Court CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TROY P., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF FRESNO COUNTY, <br><br> Respondent; <br><br> FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, <br><br> Real Party in Interest. | F069759 <br><br> (Super. Ct. No. 13CEJ300265) <br><br><br> **OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Mary Dolas, Commissioner.

Troy P., in pro. per., for Petitioner.

No appearance for Respondent.

Daniel Cederborg, County Counsel, and Amy K. Cobb, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Franson, J. and Peña, J.

Troy P., in propria persona, seeks extraordinary writ review (Cal. Rules of Court, rules 8.450-8.452) of the juvenile court's orders issued at a contested six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e))[1] terminating reunification services as to his three year-old son, U.P., and one-year-old son, T.P., and setting a section 366.26 hearing. Troy contends his attorney was ineffective for failing to communicate with him. We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

In August 2013, Troy's youngest son, T.P., was born exposed to drugs his mother, Alana,[2] used while pregnant. T.P. suffered from withdrawal symptoms as a result and was admitted to a neonatal intensive care unit.

Alana told a social worker from the Fresno County Department of Social Services (department) that she had been using heroin on and off for the previous 10 years, including while she was pregnant with T.P. Troy disclosed that he also used heroin during Alana's pregnancy.

Troy and Alana agreed to participate in voluntary family maintenance services, which required them to immediately enter into inpatient substance abuse treatment. T.P. remained in the hospital and U.P. was placed in the care of his maternal grandmother.

Troy and Alana, however, did not enter treatment and appeared to be under the influence of drugs while visiting T.P. Consequently, the department took custody of then two-year-old U.P. and newborn T.P. and filed a dependency petition on their behalf.

The juvenile court adjudged the children its dependents, and in December 2013, ordered Troy and Alana to complete inpatient substance abuse treatment and parenting classes, participate in mental health services and submit to random drug testing. The children were placed together in a foster home.

---

[1]     All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]     Alana also filed a writ petition, which is pending before this court (F069677).

By January 17, 2014, Troy had completed inpatient drug treatment and was enrolled in aftercare. He also completed a parenting class and a mental health assessment, was participating in group and individual therapy, and regularly visiting the children. However, on January 30, 2014, Troy appeared in a Nevada courtroom for drug-related charges filed prior to the department's involvement. He was taken into custody immediately following the hearing and sentenced to 18 months in state prison.

Alana was also arrested on an outstanding warrant in June 2014. However, unlike Troy, she did not participate in her court-ordered services. She unsuccessfully attempted inpatient treatment four times and, after six months of services, was still testing positive for illicit drugs.

In its report for the six-month review hearing, the department recommended the juvenile court terminate Troy and Alana's reunification services and set a section 366.26 hearing.

In July 2014, the juvenile court conducted a contested six-month review hearing. Neither Alana nor Troy appeared. Troy's attorney explained what efforts he made to communicate with Troy, stating:

> "[I]t's my understanding my client is currently incarcerated in Nevada. Unfortunately, I sent a letter to him but I didn't get a response, but I did receive the letter back, so I'm not sure what happened there.… I understand my client is apparently serving an 18-month term there in Nevada, for which I believe he's at five months right now, so it doesn't appear he's going to be released soon. It appears also from the report that he was in favor of the mother … continuing her services to get custody. At this point I would just object to the termination of his services, although I don't have any other evidence or witnesses to present."

At the conclusion of the hearing, the juvenile court terminated Troy and Alana's reunification services and set a section 366.26 hearing.

This petition ensued.

3

**DISCUSSION**

Troy contends his attorney was ineffective because she failed "to respond to correspondence, calls, & social worker info." Troy does not, however, show how his attorney's conduct caused him prejudice.

A petitioner asserting ineffectiveness of counsel must prove trial counsel's performance was deficient, resulting in prejudicial error. (*In re Kristin H*. (1996) 46 Cal.App.4th 1635, 1667-1668.) We need not evaluate counsel's performance if petitioner fails to prove prejudicial error; i.e., absent counsel's errors, there is a reasonable probability of a more favorable outcome. (*In re Nada R*. (2001) 89 Cal.App.4th 1166, 1180.) Therefore, to prevail on a claim that his attorney was ineffective, Troy would have to identify the specific acts that rendered his attorney ineffective and show that but for those acts the juvenile court would have ruled in his favor.

In this case, the ruling that adversely affects Troy is the juvenile court's order terminating his reunification services. To show prejudice, Troy would have to show that his attorney's failure to communicate with him resulted in that order. However, the record does not support such a conclusion. According to the record as quoted above, Troy's attorney tried to communicate with him but was unsuccessful. She did the only reasonable thing she could do under the circumstances, which was object to the department's recommendation to terminate Troy's services.

Further, Troy does not identify any evidence that if presented by his attorney would have caused the juvenile court to rule in his favor. The dependency statutes establish time limitations on reunification services. Where, as here, the children were under the age of three years when initially removed, reunification services are limited to 12 months from the date the children entered foster care. (§ 361.5, subd. (a)(1)(B).) A child is deemed to have entered foster care 60 days after the child is initially removed from the physical custody of his or her parents or the date of the jurisdictional hearing, whichever is earlier. (§ 361.49.) In this case, the children entered foster care on October

4

8, 2013.[3]  The question then became whether Troy could reunify with them within 12 months, which would end in October 2014.  At the hearing in July 2014, Troy had another 13 months to complete his prison sentence and he does not dispute that evidence.  Therefore, he would not have been able to reunify with his sons by October 2014.  Consequently, the juvenile court had no choice but to rule as it did.  Thus, it was Troy's incarcerated status that resulted in the juvenile court's termination of reunification services, not any alleged failure on the part of his attorney to communicate with him.

We deny the petition.

## DISPOSITION

The petition for extraordinary writ is denied.  This opinion is final forthwith as to this court.

---

**3**     They were initially removed from the physical custody of Troy and Alana on September 5, 2013.  The jurisdictional hearing was conducted on October 8, 2013.